Form 240A - Reaffirmation Agreement (1/07)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:  PAUL EDWARD VER HOEVE and MELISSA VER HOEVE aka MELISSA MARTINEZ<br><br><br>Debtor(s).<br><br>☐ Presumption of Undue Hardship<br>☒ No Presumption of Undue Hardship<br>(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.) | |
| Creditor's Name and Address:<br>MISSION FEDERAL CREDIT UNION<br>P.O. BOX 919023<br>SAN DIEGO, CA 92193<br><br><br>☒ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act | CHAPTER: 07<br><br>CASE NO.: 06:08-bk-18659-PC<br><hr>**REAFFIRMATION AGREEMENT** |

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)

☒ Part B: Reaffirmation Agreement

☒ Part C: Certification by Debtor's Attorney

☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. **Note also:** If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1.   DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

#### SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:     $ 11,220.19

***The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.***

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*                                                                                                  CCD-240A

| In re                        (SHORT TITLE) | CASE NO.: |
|---|---|
| PAUL EDWARD VER HOEVE and | 06:08-bk-18659-PC |
| MELISSA VER HOEVE                    Debtor(s). | |

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a.   If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement:   _0.00_   %.

*— And/Or —*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:   _0.00_   %.   If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _0.00_   @ _0.00_   %;
$ _0.00_   @ _0.00_   %;
$ _0.00_   @ _0.00_   %.

b.   If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed:   _4.75_   %.

*— And/Or —*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:   _0.00_   %.   If different simple interest rates apply to different balances included in the amount reaffirmed,

the amount of each balance and the rate applicable to it are:
$ _0.00_   @ _0.00_   %;
$ _0.00_   @ _0.00_   %;
$ _0.00_   @ _0.00_   %.

c.   If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d.   If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

| In re                          (SHORT TITLE) | CASE NO.: |
|---|---|
| PAUL EDWARD VER HOEVE and<br>MELISSA VER HOEVE                         Debtor(s). | 06:08-bk-18659-PC |

<u>Item or Type of Item</u>         <u>Original Purchase Price or Original Amount of Loan</u>

2003 BMW 325I                    $26,359.09
VIN WBAET37403NJ23017

*Optional—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ <u>426.00</u> is due on <u>8/20/2008</u> (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*— Or —*

Your payment schedule will be: _____ (number) payments in the amount of $ <u>0.00</u> each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

### 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

| In re                          (SHORT TITLE)<br>PAUL EDWARD VER HOEVE and<br>MELISSA VER HOEVE                          Debtor(s). | CASE NO.:<br>06:08-bk-18659-PC |
|---|---|

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

Reaffirmation Agreement – *Page 5 of 9*

| In re                      (SHORT TITLE)<br>PAUL EDWARD VER HOEVE and<br>MELISSA VER HOEVE                    Debtor(s). | CASE NO.:<br>06:08-bk-18659-PC |
|---|---|

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Direct puchase loan agreement dated September 10, 2004 secured by the 2003 BMW 325L

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:
   None.

### SIGNATURE(S):

**Borrower:**

Paul E. Ver Hoeve
(Print Name)

(Signature)
Date: 8/ 21 /2008

**Co-borrower, if also reaffirming these debts:**

Melissa Ver Hoeve
(Print Name)

(Signature)
Date: 8/ 21 /2008

**Accepted by creditor:**

Mission Federal Credit Union
(Printed Name of Creditor)

P.O. Box 919023 San Diego, CA 92193
(Address of Creditor)

(Signature)

Mike Phillips, AVP Resolutions
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:
8/30 /2008

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.
Revised January 2007

Reaffirmation Agreement - *Page 6 of 9*

| In re                    (SHORT TITLE) | CASE NO.: |
|---|---|
| PAUL EDWARD VER HOEVE and | 06:08-bk-18659-PC |
| MELISSA VER HOEVE                     Debtor(s). | |

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: <u>Patricia M. Ashcraft, Esq.</u>

Signature of Debtor's Attorney: _____

Date: <u>8/ 22/2008</u>

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

| In re                         (SHORT TITLE) | CASE NO.: |
|---|---|
| PAUL EDWARD VER HOEVE and | 06:08-bk-18659-PC |
| MELISSA VER HOEVE                              Debtor(s). | |

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ **N/A**                , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ **N/A**                , leaving $ **#VALUE!**                to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

**N/A**

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed:  **N/A**
(Debtor)
Paul E. Ver Hoeve

**N/A**
(Joint Debtor, if any)
Melissa Ver Hoeve

Date:    **N/A**

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed:  
(Debtor)
Paul E. Ver Hoeve

(Joint Debtor, if any)
Melissa Ver Hoeve

Date:    8/ 22/2008

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

**EXHIBIT  A**

## ADVANCE REQUEST VOUCHER and
## SECURITY DISCLOSURE

Member's Name __Paul E and Melissa Ver Hoeve__     Account # ███ 1725     Loan ID __54__

Amount Advanced __S 26,359.09__     This loan advance granted on __09/10/04__     is secured by giving interest in:

☑ Motor Vehicle     ID # __WBAET37403NJ23017__     Make __BMW__

Model __325I__     Lic # __5AXD918__     Year __2003__

☐ Share Account     Acct # _____     Suffix _____     Hold __S 0.00__

☐ Other _____

First Payment Date __12/20/04__     Monthly Payment Until paid in full __S 426.00__

Credit Life and/or Disability
☐ Premium included in payment

Approximate Term of Loan is __75__ Months

| ANNUAL PERCENTAGE RATE IS __4.750%__ | DAILY PERIODIC RATE IS __0.01301%__ |
|---|---|

This is a     ☑ Fixed Rate Loan     ☐ Variable Rate Loan

The Margin is the initial Index Rate minus the Annual Percentage Rate (APR) listed above. The Interest rate is subject to change the first of each month when there is a change in the Index. The new APR following a change in the Index is computed by adding the new Index to the Margin.
See the Quicksilver Loan Plan for additional information about variable rate loans.

If Variable: Index is __N/A__     Initial Index Rate __N/A__

Minimum Rate __N/A__

Amount paid to others on my behalf.     • DMV S __0.00__
• Other S __0.00__     • Other S __0.00__

Late Charge: I understand if I do not make my payment within seven (7) days of the loan due date, late charges of 20% of the interest due, minimum S1.00, will be assessed.

Prepayment: If I pay off my loan early, I understand there is no prepayment penalty

See the Quicksilver Loan Plan, which is incorporated into this loan agreement by reference, for additional information about non-payment and default penalties.

Collateral Insured By ███████

Policy # _____

Agent's Name _____

Agent's Phone _____

Comprehensive Deductible S ███

Collision Deductible S ███

**COLLATERAL INSURANCE/DMV REGISTRATION REQUIREMENTS:**
I understand the insurance requirement for vehicle loans is $500 maximum deductible for both collision and comprehensive coverage. I will provide Mission Federal Credit Union (Credit Union) proof of such insurance and name the Credit Union as loss payee. If I do not maintain the required insurance, the Credit Union may, but is not obligated to, obtain insurance in any amount satisfactory to protect its interest. The Credit Union may add the cost of this coverage to my outstanding loan balance. The Credit Union will only add this insurance coverage to protect its interest in the collateral. I understand this coverage will not satisfy any of the financial responsibility provisions of the California Vehicle Code for me. I further understand I am responsible for maintaining current vehicle registration with the DMV at all times. If the Credit Union is notified at any time that fees are required to register my vehicle, or if I fail to provide adequate insurance coverage to protect the Credit Union's interest in the vehicle, the Credit Union may add the cost of insurance coverage and/or registration fees to my outstanding loan balance or deduct the fees or premiums from my share account(s) at the sole discretion of the Credit Union.

**GAP ADVANTAGE WAIVER ENROLLMENT**
☐ Yes, I do elect the GAP Advantage Waiver. . I understand that the purchase of the GAP Advantage Waiver is voluntary and is not an offer of insurance coverage and that by purchasing the GAP Advantage Waiver for my loan that the Lender waives, in the event of a Total Loss, or Unrecovered Theft, its contractual right to hold me liable for the GAP Amount, subject to benefits, provisions and exclusions identified on the GAP Advantage Waiver Agreement. The one time cost is $225.
☑ No, I do not elect the Gap Advantage Waiver, I will pay the deficiency balance.

**PAYMENT PROTECTION**
☐ I want Single Credit Disability Insurance for Primary Borrower ONLY.
☐ I want Single Credit Life Insurance for Primary Borrower ONLY.
☐ I want Joint Credit Life Insurance for Primary Borrower and Joint Borrower (both signatures required).
☐ I want Joint Credit Disability Insurance for Primary Borrower and Joint Borrower (both signatures required).
☑ I do NOT want Credit Insurance.

A separate insurance election which discloses the terms and conditions must be signed for coverage to become effective

X _____ Date / Primary Borrower

X 9/10/04 _____ Date / Joint Borrower

| FOR CREDIT UNION USE ONLY: | | | Loan Check # _____ |
|---|---|---|---|
| Summer Skip: | Yes ☐   No ☑ | If yes, which month to skip: _____ | |
| Payments Transferred From: | ☑ Checking(Suffix __09__ ) | ☐ Savings (Suffix _____ ) | ☐ Cash Pay |

Revised 12/99